IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) LUIS BORRERO-RODRIGUEZ<br>a/k/a Pelón<br>2) DOMINGO TORRES-TORRES<br>a/k/a Papo Pelón<br>30 NORMA BORRERO-DEYNES<br>a/k/a Yiyi<br>4) ZULMA TORRES-ORTIZ<br>5) ENRIQUE TORRUELLA-TORRES<br>a/k/a Kike<br>Defendants | CRIMINAL 06-0350CCC |

**O R D E R**

Before the Court are a Motion in Limine filed by the United States on September 10, 2007 (**docket entry 110**) and a Motion to Suppress filed by defendant Norma Borrero-Deynes, also on September 10, 2007 (**docket entry 119**), based on the government's late production of Fed.R.Crim.P. 16 materials. Both motions were set for discussion during an in-chambers conference on September 12, 2007. The three defendants set for trial on September 14, 2007, Luis Borrero-Rodríguez, Domingo Torres-Torres and Norma Borrero-Deynes, were represented by their attorneys, Esther Castro-Schmidt, Raymond L. Sánchez-Maceira and Juan F. Matos-De Juan, and the United States by Assistant U.S. Attorney José Capó-Iriarte.

On September 10, 2007, the United States filed a Notice of Intent to Use Expert Witness at Trial (docket entry 109). Two of them are forensic chemists of the Drug Enforcement Administration (D.E.A.) who would testify on the examination and analysis of the substance seized and/or purchased from defendants, results of the examination including methodology used and conclusions reached. The third expert witness announced is a special agent of the D.E.A. who would testify on the modus operandi of drug traffickers. The

CRIMINAL 06-0350CCC						2

curriculum vitae of the three expert witnesses were attached to the motion. Defendant Borrero-Deynes seeks suppression of their testimonies since it would be "unreasonable to expect the defense to prepare for this testimony in four days" and that a continuance of the trial would result in rewarding the government for its late disclosure. Motion to Suppress, at p. 2. The Court understands that choosing the alternative provided in Fed.R.Crim.P. 16(d)(2)(C), that is, prohibiting the United States from introducing the untimely disclosed evidence, would be too drastic a sanction. The Court cannot ignore that this evidence is key to the government's case-in-chief and that the testimony of chemists on the substances seized are ordinarily stipulated by the parties. In this case, that testimony will be presented live. Other than stating the obvious, that the discharge is indeed untimely, defendant has not shown how he would be prejudiced by allowing their testimony and by the Court's granting a continuance of the trial.

Regarding the latter, the Court notes that a speedy trial deadline in this case as of today is November 4, 2007 and additionally notes that co-defendant Domingo Torres-Torres requested and was authorized to hire an expert witness whose compensation in excess of the maximum allowed by 18 U.S.C. §3006A(e)(3) is still pending final approval by the Chief Judge of the Circuit. For the reasons stated, the motion to suppress the testimony of the two chemists and of the special agent of the D.E.A. (**docket entry 119**) is DENIED. The United States shall provide to all three defendants a written summary of the testimony of the three expert witnesses that it intends to use during its case-in-chief no later than OCTOBER 12, 2007. In compliance with Fed.R.Crim.P. 16(a)(1)(G), this summary must describe the opinion of each expert witness announced and the basis and reasons for their opinions. The government has already complied with the requirement to disclose the witnesses' qualifications by submitting to defendants their respective curriculum vitae.

CRIMINAL 06-0350CCC	3

    The **September 14, 2007 trial date is VACATED**.  The trial will be reset by separate Order.

    SO ORDERED.

    At San Juan, Puerto Rico, on September 14, 2007.

                                  S/CARMEN CONSUELO CEREZO  
                                  United States District Judge